UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIEGO M. RODRIQUEZ,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.

Case No. C09-5241BHS-KLS

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for July 10, 2009

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. This matter comes before the Court on plaintiff's failure to properly respond to the undersigned's order to show cause (Dkt. #6) regarding the deficient application to proceed *in forma pauperis* he filed (Dkt. #1, #14, #16). Because plaintiff has failed to do so, the undersigned recommends that the Court deny the application.

## DISCUSSION

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his cause of

REPORT AND RECOMMENDATION
Page - 1

action. On April 23, 2009, plaintiff filed a motion for permission to proceed *in forma pauperis*. (Dkt. #1). In an order to show cause issued on May 1, 2009, the undersigned stated as follows:

> By requesting the Court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his cause of action. Plaintiff has not used the Court's own approved application to proceed *in forma pauperis* form, but rather has filed his own written motion seeking *in forma pauperis* status. That motion, however, does not include all of the financial and other information the Court needs before it can determine plaintiff's eligibility therefor. Accordingly, before he can proceed with this matter, plaintiff must re-file his application to proceed *in forma pauperis* using that form as directed below.
>
> In addition, Local Rule CR 3(b) provides in relevant part:
>
>> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
>> (1) Complete the in forma pauperis affidavit approved for use in this district; and
>> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.
>
> Plaintiff, however, has not submitted the written consent required by Local Rule CR 3(b)(2).

(Dkt. #6). The undersigned, accordingly, ordered plaintiff to cure these deficiencies by filing no later than May 31, 2009, a complete and signed application to proceed *in forma pauperis* using the Court's own approved application therefor – a copy of which the Clerk also was directed to send to plaintiff – and the written consent required by Local Rule CR 3(b)(2).[1]

On May 21, 2009, plaintiff responded to the undersigned's order by filing essentially the same financial affidavit contained in his original motion, which, not surprisingly, suffers from the same above-noted deficiencies. (Dkt. #16). Also attached thereto are certain bank account and financial transaction receipts and histories, but the Court still lacks the financial information contained on its application form, which plaintiff still has not provided.

---

[1] The undersigned also directed plaintiff to file three (3) copies of his complaint and service forms so that service on defendant could be attempted pursuant to Fed. R. Civ. P. 4(c)(3), should he ultimately be granted *in forma pauperis* status. As plaintiff points out in his response to the undersigned's order to show cause, it seems plaintiff himself has attempted service. While the undersigned makes no finding on the sufficiency thereof at this time, that attempt does indicate a desire on his part to effect service on his own, rather than through the United States Marshals, once more, assuming a grant of *in forma pauperis* status. Further, should the Court adopt the undersigned's recommendation to deny plaintiff's application for such status as discussed herein, it will be his responsibility, in any event, to properly complete service in this matter.

REPORT AND RECOMMENDATION
Page - 2

Plaintiff, in addition, states in his response that he has not submitted the written consent required by Local Rule CR 3(b)(2), because he wishes to retain his right to have the costs of this action borne by defendant pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 54. But that rule expressly states in relevant part as follows:

> . . . Except when express provision is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. . . .

Fed. R. Civ. P. 54(d)(1). As noted above, both 28 U.S.C. § 1915 and this Court's Local Rules require the written consent the undersigned directed plaintiff to file. See Fed. R. Civ. P. 83(a)(1) (district court may adopt local rules governing its practice consistent with federal law). As such, given that both federal statutory law and the rules of this Court prohibit him from being granted *in forma pauperis* status absent submission of the required written consent form, and that he has not been excused from that requirement by the Court, plaintiff cannot recover costs under Fed. R. Civ. P. 54, unless he pays the $350 filing fee.

## CONCLUSION

Because plaintiff has not filed a proper response to the undersigned's order to show cause – nor does it appear he is likely to abide by the requirements for being granted *in forma pauperis* status as laid out above – the undersigned recommends the Court deny his application therefor. Accordingly, the undersigned also recommends the Court order plaintiff to pay the required $350 filing fee within thirty (30) days of the Court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **July 10, 2009**, as noted in the caption.

Dated this 15th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge